**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2549-16T3

EDWARD RUFF,

     Plaintiff-Appellant,

v.

RUTGERS, THE STATE
UNIVERSITY OF NEW JERSEY,
RUTGERS UNIVERSITY POLICE
DEPARTMENT, EXECUTIVE
DIRECTOR OF POLICE
SERVICES/CHIEF OF POLICE
KENNETH COP, individually and
in his official capacity, and
CAPTAIN MICHAEL REIN,
individually and in his official
capacity,

     Defendants-Respondents.

_____

Argued September 26, 2018 – Decided December 12, 2018

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4740-16.

Catherine M. Elston argued the cause for appellant (C. Elston & Associates, LLC, attorneys; Catherine M. Elston, of counsel and on the briefs; Cathlene Y. Banker, on the brief).

James P. Lidon argued the cause for respondents (McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys; James P. Lidon, of counsel and on the brief).

PER CURIAM

Edward Ruff, a Rutgers University campus police officer, appeals from the dismissal of his complaint against his employer, defendant Rutgers, The State University (Rutgers) alleging a breach of the collective bargaining agreement (CBA) entered into between the Fraternal Order of Police-Primary Unit, Lodge 62 (FOP) and Rutgers. We affirm.

On July 31, 2013, a final notice of disciplinary action (FNDA) suspended Ruff for ten days for breach of departmental rules. He served the suspension the following month. The Law Division judge dismissed Ruff's case because he found no legal basis existed for his challenge to Rutgers' action or the related Public Employment Relation Commission's (PERC) August 14, 2014 final decision. Ruff asserted in the complaint that before major disciplinary action, such as the suspension, could be taken against an employee, the employer was required to engage in the binding arbitration described in the fourth and final step in the grievance procedure outlined in the CBA. Ruff further claimed

2

A-2549-16T3

Rutgers' failure to adhere to the fourth step was a breach of contract, violation of due process, and otherwise constituted a violation of the CBA.

Earlier, Rutgers had filed a scope of negotiations petition and successfully restrained binding arbitration. In its August 14, 2014 decision, PERC "determined the relevant statute[, N.J.S.A. 34:13A-5.3,] authorizing binding arbitration of disputes involving major discipline—discipline which includes a suspension of more than five days—'only applies to unionized employees of the State of New Jersey.'" In the Matter of Rutgers, the State University, and FOP Lodge 62, No. A-0455-14 (App. Div. Sept. 8, 2016) (slip op. at 3) (citation omitted). In our decision with regard to the FOP's direct challenge to Rutgers' position, we addressed the FOP's argument that pursuant to N.J.S.A. 34:13A-5.3, Ruff had a contractual right to arbitrate major discipline. We affirmed PERC's decision, holding that the statute did not include campus police in its purview and that therefore the FOP could not compel binding arbitration of major disciplinary action. In the Matter of Rutgers, slip op. at 10-11.

Dissatisfied with our decision, Ruff filed the within complaint. In our view, however, the Law Division judge's dismissal of the complaint was mandated, given our prior interpretation of the statutory scheme. This appeal is

3                                                                      A-2549-16T3

moot because the issues Ruff raised by way of complaint were resolved by our decision regarding the statute.

"A case is technically moot when the original issue presented has been resolved, at least concerning the parties who initiated the litigation." Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010) (citing DeVesa v. Dorsey, 134 N.J. 420, 428 (1993) (Pollock, J., concurring)). An appellate court "decline[s] to review legal questions" that are no longer an ongoing concern "out of reluctance to render a decision in the abstract on such moot issues and a related desire to conserve judicial resources." Finkel v. Twp. Comm. of Hopewell, 434 N.J. Super. 303, 315 (App. Div. 2013).

All of the relief Ruff seeks stems from Rutgers' refusal to participate in step four of the CBA grievance procedure—a decision we already affirmed. In the Matter of Rutgers, slip op. at 11. In granting Rutgers relief, PERC relied on Ridgefield Park Educ. Ass'n v. Ridgefield Park Bd. of Educ., 78 N.J. 144 (1978). In that case, our Supreme Court found that issues, such as major discipline, should not be subject to binding arbitration as they are a necessary exercise of an employer's inherent managerial responsibilities. Id. at 156. PERC also interpreted the 2003 amendment of N.J.S.A. 34:13A-5.3 as leaving intact the prohibition against the submission of major disciplinary disputes involving

A-2549-16T3

police officers to binding arbitration. See State v. State Troopers Fraternal Ass'n, 134 N.J. 393 (1993) (holding that a statute that stated that discipline was a subject of negotiation did not apply to state police).

We concluded that PERC's decision was not clearly arbitrary and capricious, and therefore affirmed. In the Matter of Rutgers, slip op. at 11. These issues have been previously disposed of with finality. The appeal is made moot by our prior decision, as all of the allegations in the complaint involve an attempt to enforce the fourth step of the grievance procedure, or obtain redress for Rutgers' failure to participate. Casting the challenge in different language does not change its inherent nature. No public interest is involved here which is so great as to require us to revisit the issue. See Reilly v. AAA Mid-Atl. Ins. Co. of N.J., 194 N.J. 474, 484 (2008). The unenforceability of step four of the grievance procedure outlined in the CBA has already been decided. Our judicial power should not be exercised here; Ruff is simply not entitled to relief. See Betancourt, 415 N.J. Super. at 311.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2549-16T3